

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00214-CR

_____

EX PARTE:  RAY LOUIS JOHNSON, JR.

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court Nos. 0317178, 0317179 & 0317180

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Ray Louis Johnson, Jr., appeals from the trial court's denial of his Article 11.072 application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2014). In connection with his appeal, Johnson has filed a motion to abate this matter to the trial court pursuant to Article 1.051 of the Texas Code of Criminal Procedure for a determination of whether the interests of justice require the appointment of counsel to represent him on appeal. Article 1.051(d) states, in pertinent part,

> (d)     An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters:
>
> . . . .
>
> (3)     a habeas corpus proceeding if the court concludes that the interests of justice require representation; and
>
> (4)     any other appellate proceeding if the court concludes that the interests of justice require representation.

TEX. CODE CRIM. PROC. ANN. art. 1.051(d), (d)(3), (d)(4) (West Supp. 2014).

The State filed a response to Johnson's motion indicating that it had no objection to the motion to temporarily abate the appeal.

We abate this appeal to the trial court to conduct a hearing to determine whether Johnson is indigent, and, if so, whether the interests of justice require the appointment of counsel to represent him in this appeal.

The hearing shall be conducted by the trial court on or before January 25, 2015. The trial court's findings concerning the above matters shall be entered into the record of this case and

2

provided to this Court in the form of a supplemental clerk's record. The reporter's record of the hearing mandated by this order shall also be filed in this case in the form of a supplemental reporter's record. Both the supplemental clerk's and reporter's records shall be prepared immediately and shall be received by this Court no later than February 5, 2015. No extensions of time will be granted.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records.

IT IS SO ORDERED.

BY THE COURT

Date: January 6, 2015